IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIBERTY PLACE RETAIL ASSOCIATES, L.P., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHEL PERFUME SHOPPE, INC. | : | NO. 13-CV-6111 |

**MEMORANDUM**

Ditter, J.                                                                                                                    May 15, 2014

Before me is defendant Michel Perfume Shoppe, Inc.'s motion for relief pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) from the default judgment entered against it. For the reasons discussed below, I will grant that motion.

I. BACKGROUND

The plaintiff, Liberty Place Retail Associates, L.P., filed this action on October 18, 2013, against Michel Perfume Shoppe, Inc. Liberty Place asserts that it entered into a valid lease with Michel for retail space in the mall. Compl. at ¶23. Pursuant to the lease, Michel agreed to pay monthly rent through January 1, 2017. Id. at ¶ 24. As a result of Michel's breach of contract, Liberty Place is owed $190,575.36 in accelerated rent and overdue rent from September 2013. Id. at ¶21. Michel Ifergan is the president and sole shareholder of Michel.

The relevant count in the complaint against the defendant is for breach of contract. Ifergan was served with the complaint, to which he has never filed a response, on October 30, 2013. See Dkt. 2. Liberty Place then filed a motion for default judgment against Michel on February 24, 2014, and default judgment was entered on February 26, 2014. See Dkt. 6. Ifergan contends that he had been in contact with Liberty Place's attorney, David Ebby, Esq., since he

was served with the complaint and flew from Texas to meet with him in Philadelphia on November, 4, 2013.[1]  *Mot. To Set Aside Def.* at 3.  He also asserts that he has been in the United States for less than ten years, his primary language is Hebrew, and that he was unaware that he needed to file a written response to Liberty Place's complaint as he was regularly communicating with their attorney.  *Id*. at 1, 4.

## II.     DISCUSSION

Generally, default judgments are not favored and doubtful cases ought to be resolved in favor of the party moving to set aside default judgment in order to decide the case on its merits.  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984).  A court may set aside a default judgment for the reasons set forth under Federal Rule 60(b), including "excusable neglect" or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (b)(6).

In making a decision, I must consider the following factors to set aside a default judgment:  (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.  *$55,518.05 in U.S. Currency*, 728 F.2d at 195.

To begin with, I find that the default judgment was entered not as a result of Ifergan's culpable conduct but because of excusable neglect.  Ifergan believed that his communication with Liberty Place's attorney, David Ebby, both by telephone and in person, was an appropriate response to the complaint.  Ifergan believed that he was taking care of the matter, and as a result, he did not file a response or appear before this court, prior to filing the instant motion.

Liberty Place concurs that attorney Ebby was in discussions with Ifergan, but asserts that Ebby never told Ifergan that he was not required to respond officially to the lawsuit. *Pls.' Resp.*

---

[1] Heather Giordanella, Esq., an attorney with Drinker, Biddle and Reath LLP, is attorney of record for Liberty Place in this matter. David Ebby, Esq., an attorney with the same firm, is listed on the signature page with Ms. Giordanella for all filings on behalf of Liberty Place.

at 4. Accordingly, Liberty Place argues that Ifergan's conduct is more than mere negligence since he failed to consult an attorney or file anything with the Court until March 19, 2014.

I find that Ifergan's explanation for his failure to respond to the lawsuit is supported by his affidavit and is, in fact, reasonable. Additionally, Ifergan's filing of the present motion three weeks after discovering the default judgment was sufficiently prompt.

Next, I examine whether Ifergan has a meritorious defense to the allegations found in the complaint. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (internal citations omitted).

Ifergan contends that he has several meritorious defenses. First, he asserts that the complaint falsely alleges that he failed to pay rent of $4,739.12 for September, 2013. Liberty Place now concedes that Ifergan did in fact pay rent for September, 2013. *Pls.' Resp. At 5*. Ifergan also asserts that Liberty Place informed him that he could vacate the premises by October 1, 2013, and that there would be no exit fee because there was another tenant for the space. Liberty Place counters that this would have been a modification of the lease and would have had to have been in writing. Ifergan contends that this is not a lease modification but rather a defense of estoppel and waiver as he detrimentally relied on Liberty Place's representation that he was authorized to vacate the space. Ifergan should have the opportunity to challenge the merits of the allegations made by Liberty Place.

Finally, I find that Liberty Place would not be so prejudiced that it would preclude setting aside the default judgment and trying this case on its merits. Prejudice arises when the plaintiff's claim would be materially impaired because of the "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the entry of default." *Mike Rosen &*

*Assoc., P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115, 118 (E.D. Pa. 1996) (internal quotations and citations omitted).  Liberty Place's claims of prejudice, including reliance on the judgment, manifested by the expenditures they have made in trying to collect their judgment against Michel, do not persuade me against reopening the default judgment.

In sum, consideration of all relevant factors weighs in favor of setting aside the default judgment.  An appropriate order follows.